```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                           Case No. 19-10677-MKV

         Krailes Debrist Flores,                 Chapter 7

                  Debtor.
-------------------------------------------------------------X
```

# REPLY TO DEBTOR'S OPPOSITION TO
# MOTION FOR IN-REM RELIEF FROM STAY

Jonathan Schwalb, attorney for Fay Servicing LLC as servicer for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Secured Creditor"), hereby affirms under penalty as follows:

**BACKGROUND**

1. I am an associate with Friedman Vartolo LLP attorneys for Fay Servicing LLC as servicer for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (the "Movant"), a secured creditor of the Debtor.

2. The Movant is the holder of a Note and Mortgage, dated October 10, 2007, given by the Debtor and Juan DelaCruz (the "non-filing co-mortgagor") in the original principal amount of $424,000.00 secured by the property known as 117 Rockwood Street, Bronx, NY 10452 (the "Premises").

3. Movant's request for relief is being made as the debtor had two prior cases pending within the previous one-year period which were dismissed. The dates, corresponding dismissal orders and copies of the Pacer dockets were fully detailed in the Motion Confirming the Absence of the Automatic Stay (doc#14).

**LEGAL ARGUMENT**

4. The Movant is entitled to an Order confirming that the automatic stay did not go into effect upon the filing of the instant case. 11 U.S.C. § 362(c) provides, in pertinent part, as follows:

(4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and

(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

5. As demonstrated above the debtor had two (2) cases pending within the previous year which were dismissed. Therefore, according to the aforementioned statute, the automatic stay did not go into effect upon the filing of this current case.

6. Debtor filed Opposition to the Motion on April 17, 2019 incorrectly stating that the "Creditor Motion is moot as a stay is currently in effect and seeks an improper Federal Court review of a state court order."

7. This assertion is wholly inaccurate and quite frankly backwards in its logical conclusion. As this Court can clearly see from the state court Order in the Debtor's opposition papers, the state court order was signed on March 14, 2019, ten (10) days after the foreclosure sale was validly held, stating the creditor or successful bidder of the sale were stayed in conducting a closing on the Property. The state court had stayed this due to the instant bankruptcy filing and was awaiting the ruling of Your Honor on the conclusion of our Motion confirming the absence of the automatic stay.

8. Furthermore, Secured Creditor appeared in state court on this matter on May 17, 2019, and the state court advised the parties that all proceedings in state court were stayed until Your Honor ruled on our Motion confirming the absence of the stay.

9. Debtor's opposition to the Motion also incorrectly speaks of the *Rooker Feldman* Doctrine. Counsel for the Debtor incorrectly assesses how this doctrine is applied. It is not the goal of our Motion to overturn a state court "stay". The purpose of the Motion to Confirm the Absence of

the Automatic stay is to have this Court rule that based on the debtor's prior bankruptcy filings over the past year, it is clear that there was no stay in effect upon the filing of the instant bankruptcy case on March 4, 2019, thereby allowed the Secured Creditor to properly conduct their foreclosure sale held on that same date.

10. If this Court were to grant our motion in this matter, Movant would then proceed back to state court and argue for the sale process to re-commence to allow the parties to close on the transaction that properly occurred on March 4, 2019. A copy of our opposition papers to the Debtor's state court Order to Show Cause are annexed hereto as **Exhibit "A"**.

11. Lastly, Debtor's Counsel alleges that our office failed to notify their office of the Creditor's intention on proceeding with the sale. This is factually inaccurate as our office confirmed with counsel's office the foreclosure sale would not be cancelled if there was no stay in effect. A copy of an affidavit detailing these events is annexed hereto as **Exhibit "B".**

12. Movant therefore requests, as a party in interest, an Order confirming that no stay is in effect.

**WHEREFORE**, the Movant respectfully requests that this Court issue an Order confirming that the automatic stay under 11 U.S.C. §362(a) did not go into effect upon the filing of the instant case; and for such other and further relief as the Court may deem just and proper.

Dated: May 20, 2019
      New York New York

      FRIEDMAN VARTOLO, LLP

      /s/ Jonathan Schwalb, Esq.
      JONATHAN SCHWALB, ESQ.
      85 Broad Street, Suite 501
      New York, NY 10004
      T: (212) 471-5100
      F: (212) 471-5150